UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

THERESA GARNER,

    Plaintiff,

v.                                                                      Case No. 11-C-0181

STATE OF WISCONSIN,
UNIVERSITY OF WISCONSIN-MILWAUKEE,
UNIVERSITY OF WISCONSIN SYSTEM,
UNIVERSITY OF WISCONSIN ADMINISTRATION,
JOELY B. URDAN, SHANNON BRADBURY,
BRENDA SEDMAK, ALAN CRIST,
JASON BEIER, SANDRA D. HUMES,
AMY R. WATSON, DIANE LUND,

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. # 9)

On May 3, 2011, the court dismissed plaintiff's case with prejudice based on the doctrine of res judicata and entered judgment. *See* Docs. # 7, 8. Plaintiff filed a motion for reconsideration of that decision which is discussed below. *See* Doc. # 9.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed.R.Civ.P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own. . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S.

800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F.Supp. 793, 795 (N.D. Ill. 1996).

As an initial matter, plaintiff's motion does not comply with the local rules of this court. More importantly, she has provided nothing more than a litany of conclusory statements and assertions that fail to establish an arguable basis for concluding that the May 3 order was the product of manifest error of fact or law. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is denied.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE